UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNSET FINANCIAL RESOURCES, INC. | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil Action Nos. 05-2914 and 05-2915 |
| v. | |
| REDEVELOPMENT GROUP V, LLC et al., | **MEMORANDUM OPINION** |
| Defendants. | |

This matter having come before the Court upon the motion of third-party defendant Andrew Benish ("Benish") to vacate the entry of default [Docket Item No. 244] that was entered at the request of defendant/cross-claim plaintiffs Redevelopment Group V, LLC and Dawn Staley ("Staley") [Docket Item No. 123]; and the Court having received opposition to such motion from Staley; and the Court having considered the parties' submissions;

**THE COURT FINDS as follows**:

1. On March 6, 2006, Staley filed an answer and cross-claim in this case naming, among numerous others, Andrew Benish as a third-party defendant. [Docket Item No. 68.] Staley's cross claims allege that Benish, as an employee of Greentree Mortgage Company ("Greentree") participated in a complex conspiracy to defraud Staley. Specifically, the cross claims allege that Benish, in conjunction with others: (1) made numerous false representations to Staley regarding her participation in a

venture to acquire a sports facility in Voorhees, New Jersey; (2) participated in the theft of funds provided by Staley for the purchase of the facility; (3) forged Staley's signature on certain documents; and (4) retained counsel and induced them to write a legal opinion wherein counsel represented that counsel had been retained by Staley, among other activities.

    2. On March 13, 2006, Benish was served with a summons and a copy of the Amended Complaint in this matter. (Certification of Andrew Benish ¶ 2.) According to his Certification, Benish gave Complaint to the president of Greentree who told Benish that in-house counsel for Greentree would represent him in this matter. Benish claims that the president of Greentree assured him that in-house counsel for Greentree was representing him in this matter again on May 26, 2006. (Id. at ¶ 3-4.) Soonafter, at the end of May, Benish was terminated from Greentree. (Id. at ¶ 4.)

    3. After being terminated by Greentree, Benish claims that he became aware in August of 2006 that he was not represented by in-house counsel at Greentree. (Id. at ¶ 7.) Benish then waited until September of 2006 to seek counsel to represent him in this matter. (Id. at ¶¶ 8-9.) After being unsuccessful in obtaining representation in his first two attempts, Plaintiff entered into a Fee Agreement with his current counsel Timothy Annin, Esq. on or about October 23, 2006. (Id. at ¶¶ 19-20).

4.  Because Benish failed to plead or otherwise respond to Staley's cross claims, Staley requested that the Clerk of the Court enter default against Benish. [Docket Item No. 123.] Default was entered against Benish on April 24, 2006.

5.  Mr. Annin, on behalf of Mr. Benish, filed the present motion to vacate default and a supporting certification on December 28, 2006 some two months after he was retained, approximately eight months after default was entered against him, and nearly nine and one-half months after he was served with the Complaint.

6.  Benish's motion to vacate default is governed by Rule 55 of the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 55(c), "[f]or good cause shown the court may set aside an entry of default . . . ."  The standard for "good cause" is similar to the standard for setting aside a default judgment under Fed. R. Civ. P. 60(b).  Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985).  As the Third Circuit has explained,

> Although this Court has adopted a policy disfavoring default judgments and encouraging decisions on the merits, Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951), the decision to vacate a default judgment is left to the sound discretion of the trial court. In exercising this discretion, however, the court must consider whether vacating the default judgment will visit prejudice on the plaintiff, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct. United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988). Because Benish has failed to show good cause for setting aside default, his motion will be denied.

    7.   In determining whether good cause exists to set aside default of open a default judgment, the threshold issue is whether a meritorious defense has been asserted. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). Although the defendant need not prove its "meritorious defense" at this stage, "a defendant seeking to set aside a default judgment [must] set forth with some specificity the grounds for his defense . . . [and] the court must then evaluate that defense to determine whether it is meritorious." Harad, 839 F.2d at 982. In this case, Benish provided this Court with a five page certification explaining his attempts to obtain counsel and the events that led to his filing the present motion to vacate default. (Benish Cert. ¶¶ 1-23.) However, absent from Benish's moving papers is any argument that he has a meritorious defense to the cross claims brought against him by Staley. Thus, Benish has failed to "set forth with some specificity the grounds for his defense" for this Court to evaluate to determine whether it is meritorious. Harad, 839 F.2d at 982.

    8.   The Court also finds that default resulted from Benish's nonchalant approach to obtaining counsel and defending himself after being served with a summons in this case. Benish's

4

certification states that soon after being served on March 13, 2006, he gave the Complaint to the President of Greentree and was told that he would be represented in the matter by in-house counsel.  However, he waited over two months before seeking reassurance from the President of Greentree that he was being represented in this matter.  Given the seriousness of the allegations against him, it is reasonable to conclude that one would take a more active role in ensuring that such he was in fact being represented.

     9.  Even if it was reasonable for Benish to conclude that he was being represented by Greentree during his employment there, it is entirely unreasonable for him to conclude that they would continue to represent him after he was terminated at the end of May, 2006.  Thus, Benish has no reasonable excuse why he waited nearly four months from the time of his termination in late May of 2006 until late September of 2006 to even seek counsel in this matter.  Absent from Benish's Certification is any factual basis or detail of his attempts to ensure that Greentree would remain as counsel after his termination or any attempts on his part to avoid default during this four-month period.  Finally, Benish's casual attitude towards being named as a defendant in this matter appears to have continued even after he became aware that Greentree was not representing him as (1) he took nearly two months to retain counsel and (2) his current motion to vacate

default was not filed until over two months after he retained Mr. Annin.

## CONCLUSION

For the reasons expressed in this Memorandum Opinion, the Court finds that there is not good cause to vacate default and therefore, will deny Benish's motion to vacate default. The accompanying Order will be entered.


**February 16, 2007**                             **s/ Jerome B. Simandle**
Date                                              JEROME B. SIMANDLE
                                                  U.S. District Court

6