```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SUNSET FINANCIAL RESOURCES, INC., <br><br>    Plaintiff, <br>  v. <br><br> REDEVELOPMENT GROUP V, LLC et al., <br><br>    Defendants. | HON. JEROME B. SIMANDLE <br><br> Civil Action Nos. <br> 05-2914 and 05-2915 (JBS) <br><br> **MEMORANDUM OPINION** |

SIMANDLE, District Judge:

This matter having come before the Court upon the motion for reconsideration filed by third-party defendant Andrew Benish ("Benish") [Docket Item No. 260]. Benish's motion for reconsideration relates to this Court's February 16, 2007 denial of Benish's motion to vacate the entry of default [Docket Item No. 258]. Default was entered at the request of defendant/cross-claim plaintiffs Redevelopment Group V, LLC and Dawn Staley ("Staley") [Docket Item No. 123]. The Court having considered the parties' submissions in support of Benish's motion for reconsideration and Redevelopment Group V/Staley's opposition thereto;

**THE COURT FINDS as follows**:

1.  On March 6, 2006, Staley filed an answer and cross-claim in this case naming, among numerous others, Andrew Benish as a third-party defendant [Docket Item No. 68]. Staley alleges that Benish, as an employee of Greentree Mortgage Company

("Greentree") participated in a complex conspiracy to defraud Staley.

2. On March 13, 2006, Benish was served with a summons and a copy of the Amended Complaint in this matter. (Certification of Andrew Benish ¶ 2.) According to his Certification, Benish gave the Complaint to the president of Greentree who told Benish that in-house counsel for Greentree would represent him in this matter. Benish claims that the president of Greentree assured him that in-house counsel for Greentree was representing him in this matter again on May 26, 2006. (Id. at ¶¶ 3-4.) Soon after, at the end of May, Benish was terminated from Greentree. (Id. at ¶ 4.) After being terminated by Greentree, Benish claims that, in August, 2006, he became aware in that he was not represented by in-house counsel at Greentree. (Id. at ¶ 7.) Benish then waited until September of 2006 to seek counsel to represent him in this matter. (Id. at ¶¶ 8-9.) After being unsuccessful in obtaining representation in his first two attempts, Plaintiff engaged his current counsel (Timothy Annin, Esq.) on or about October 23, 2006. (Id. at ¶¶ 19-20.)

3. Because Benish failed to plead or otherwise respond to Staley's cross claims, Staley requested that the Clerk of the Court enter default against Benish on April 21, 2006, and default was entered on April 24, 2006 [Docket Item No. 123].

2

4.  On December 29, 2006, Benish filed a motion to vacate default and a supporting certification.  The motion was filed approximately eight months after default was entered against Benish and nearly nine and one-half months after he was served with the Complaint.[1]

5.  In a February 16, 2007 Memorandum Opinion, this Court denied Benish's motion to vacate default, holding that Benish had failed to show good cause for setting aside the default.  Sunset Financial Resources, Inc. v. Redevelopment Group V, LLC, No. 05-2914, slip op. at *3 (D.N.J. Feb. 16, 2007)(the "Memorandum Opinion").  Specifically, the Court held that the standard for "'good cause' is similar to the standard for setting aside a default judgment under Fed. R. Civ. P. 60(b)."  Memorandum Opinion at 3 (citing Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985)).  Quoting Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988), the Court stated further that:

> Although this Court has adopted a policy disfavoring default judgments and encouraging decisions on the merits, Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951), the decision to vacate a default judgment is left to the sound discretion of the trial court. In exercising this discretion, however, the court must consider whether vacating the default judgment will visit prejudice on the plaintiff, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable

---

[1]  The motion was also filed more than two months after Benish engaged his current counsel.

      conduct. United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

Id. at 3-4.

    6. Applying this standard, the Court noted first that although "Benish provided this Court with a five page certification explaining his attempts to obtain counsel and the events that led to his filing the present motion to vacate default," Benish failed to present "a meritorious defense to the cross claims brought against him by Staley." Id. at 4. Thus, Benish had failed to "set forth with some specificity the grounds for his defense" that would have allowed this Court to evaluate whether he had a meritorious defense to Staley's claims. Id. (citing Harad, 839 F.2d at 982). In addition, the Court also found that "default resulted from Benish's nonchalant approach to obtaining counsel and defending himself after being served with a summons in this case" and that "given the seriousness of the allegations against him, it is reasonable to conclude that one would take a more active role in ensuring that such he was in fact being represented." Id. at 4-5.

    7. In his motion for reconsideration, Benish makes three arguments. First, Benish argues that this Court applied the wrong legal standard to Benish's motion. Specifically, he argues that the Court misinterpreted the Third Circuit case of Gold Kist and, in doing so, applied a strict standard to a motion to vacate default "which should be construed with liberality." (Benish Br.

4

at 3.)  In support of this position, Benish cites <u>Feliciano v. Reliant Tooling Co., Ltd.</u>, for the position that:

> There is a distinction between a default standing alone and a default judgment.  Less substantial grounds may be adequate for setting aside a default than would be for opening a judgment.

691 F.2d 653, 656 (3d Cir. 1982).  Benish contends that, by erroneously applying the stricter standard of vacation of a default judgment to Benish's motion to vacate default, the Court held that Benish was required to comply with all three elements set forth in <u>Gold Kist</u> (a meritorious defense, defendant's cupable conduct and prejudice to the adverse party) rather than the defaulted party needing to prove only one of the elements. (Benish Br. at 3-4 citing 10 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 2696 at 334 (1973)).

9. Second, Benish argues that the Court misinterpreted the case of <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1183 (3d Cir. 1984) when it concluded that Benish's motion should be denied because Benish failed to assert a meritorious defense.  (Benish Br. at 5.)  To the contrary, according to Benish, he "was under no obligation to assert a meritorious defense under the less stringent standard for vacating default."  (<u>Id.</u> at 6.)  Moreover, Benish now argues that asserting such a defense would have jeopardized his interest in an on-going criminal investigation. The criminal investigation (and Benish's desire not to jeopardize it) served as the basis for an application by Benish with the

5

Court to stay the underlying action. (<u>Id.</u>) Benish contends that "[f]or the Court to hold Mr. Benish failed to set forth a meritorious defense, and base its opinion on this failure, when Mr. Benish has been granted a stay to protect his Constitutional rights [against self-incrimination], is a manifest injustice." (<u>Id.</u>)

10. Finally, Benish takes issue with the Court's emphasis on the fact that his motion to vacate was not made until eight months after the default was entered. Benish argues that "[w]here the rule for vacating a default judgment allows for a motion to made [sic] up to one year after judgment has been entered, and where the standard of the motion is less stringent, eight months is reasonable." (<u>Id.</u> at 6.)

11. Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration. Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authority it believes the court "overlooked" when rendering its initial decision. L. Civ. R. 7.1(i). "[R]econsideration is an extraordinary remedy that is granted very sparingly." <u>Brackett v. Ashcroft</u>, No. 03-3988, 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003)(internal quotations omitted). Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or

legal authority were indeed presented but overlooked.  See DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991)(internal citations omitted).  Instead, the party seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Furthermore, the Court will grant a motion for reconsideration only if the movant establishes that the Court overlooked "dispositive factual matters or controlling decisions of law."  See Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998); Starr v. JCI Data Processing, Inc., 767 F. Supp. 633, 635 (D.N.J. 1991).

    12.  This Court finds that it overlooked an important aspect of Benish's circumstances as an individual under criminal investigation.  Although his motion and original certification

did not argue that he was a subject of a criminal investigation and thus could not proffer a possibly meritorious defense, this fact should have been more apparent to the Court by the time it denied vacating the default on February 16, 2007.

13.  First, Benish had joined a motion of Steven Forman on January 9, 2007, to stay proceedings pending resolution of an ongoing criminal investigation.  Although Judge Donio denied the stay, her Order filed February 1, 2007 temporarily stayed discovery as to Benish because of his ongoing criminal investigation in recognition of his right against compelled self-incrimination.

14.  Second, the Court overlooked the Certification of Andrew Benish, filed February 5, 2007 [Docket Item 255], which had been prepared for Judge Donio's consideration on February 1, 2007.  Although counsel forwarded no copy of this certification to my chambers, it was nonetheless on the docket prior to my February 16, 2007 Opinion and Order.  Benish's Certification describes his consultation with a criminal defense attorney regarding an ongoing criminal investigation related to these matters, and the attorney allegedly has counseled Benish to invoke his Fifth Amendment privilege against self-incrimination [Id.]  The attorney counseled him to give no sworn or certified statements or testimony until further notice [Id.].

15.  The logic of Benish's position suggested that it would not be possible for Benish to sketch the contours of a meritorious defense while asserting his Fifth Amendment right, although this was not argued.  It could also be inconsistent with Judge Donio's Order, which implicitly recognized the Fifth Amendment assertion by staying Benish's discovery obligation, if this Court were to insist upon Benish proffering a meritorious defense in order to set aside the default.

16.  Benish's predicament, as a potential criminal target, logically prevents him from proffering his defense herein, so as to avoid waiver of his Fifth Amendment right.  In this circumstance, it would be unjust, and perhaps inconsistent with the February 1, 2007 Order of Judge Donio, to require him to do so in order to set aside default.

17.  The grounds for setting aside default are as previously discussed.  The Court must give consideration to "the three factors [moving party's culpability, prejudice to the moving party, and the presentation of a meritorious defense]" in "both situations," *i.e.*, setting aside default or default judgment. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982).  It is recognized that "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."  *Id.* at 656.

18.  The Court has reconsidered and finds that default should be set aside.  There will be no unfair prejudice to

Redevelopment Group V/Staley because their case cannot presently progress against Benish due to the stay of discovery anyway. Second, Benish did not act with willful disregard for his obligation to answer, since he at least inquired and was told that Greentree's counsel would defend him, and then he set about to find a personal lawyer, the first of whom was conflicted out of the case and the second of whom took his case but delayed taking action for an additional two months.  Such willfulness requires conduct beyond mere negligence, <u>Hritz v. Woma Corp.</u>, 732 F.2d at 1180, which is not present here in light of Benish's fear of criminal prosecution.  Third, in recognition of Benish's Fifth Amendment rights, his failure to state a plausible defense at this time is excusable.

## **CONCLUSION**

Accordingly, Benish's reconsideration motion will be granted, and upon reconsideration, Benish's motion to set aside the default will be granted.  The accompanying Order will be entered, and Benish's time to answer the cross-claim of Redevelopment Group V and Staley will be enlarged to the date ten (10) days after the stay of discovery as to Benish is dissolved or until further order of the Court.


**September 28, 2007**             **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    United States District Judge